MARK K. SCHONFELD (MS-2798)
REGIONAL DIRECTOR

Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
Northeast Regional Office
233 Broadway
New York, NY 10279
(646) 428-1650



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION

          Plaintiff,

- against -

NORTHSHORE ASSET MANAGEMENT, LLC,
ARDENT RESEARCH PARTNERS, L.P.,
ARDENT RESEARCH PARTNERS, LTD.,
SALDUTTI CAPITAL MANAGEMENT, L.P.,
KEVIN KELLEY, ROBERT WILDEMAN
and GLENN SHERMAN,

          Defendants.

------------------------------------------------------------x

JUDGE GRIESA

05 CV 2192

COMPLAINT

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint against defendants Northshore Asset Management, LLC ("Northshore"), Ardent Research Partners L.P. ("Ardent Domestic"), Ardent Research Partners Ltd. ("Ardent Offshore"), Saldutti Capital Management, L.P. ("SCM"), Robert Wildeman ("Wildeman"), Kevin Kelley ("Kelley"), and Glenn Sherman ("Sherman") (collectively, the "Defendants"), alleges as follows:

## SUMMARY

1. The Commission brings this emergency enforcement action to halt ongoing fraudulent conduct concerning Ardent Domestic and Ardent Offshore (collectively, the "Ardent Funds"). The fraudulent conduct includes material misrepresentations and omissions to the Ardent Funds' investors and numerous impermissible transactions that rendered the Ardent Funds' offering materials materially misleading. In April 2003, Northshore and its principals, Kelley, Wildeman, and Sherman purchased SCM, the Ardent Funds' investment adviser, from Francis Saldutti ("Saldutti"), the founder of the Ardent Funds. From April 2003 to present, Northshore and its principals have diverted approximately $37 million of the Ardent Funds' assets to their control and invested them in illiquid securities of, and made loans to, entities in which Northshore and its principals have an interest.

2. The Defendants did not disclose to the Ardent Funds' investors that Northshore had purchased SCM and that Northshore was managing a significant portion of the Ardent Funds' assets. Additionally, the Defendants made numerous misrepresentations concerning (i) the nature of the investments, (ii) the liquidity of the investments, and (iii) the use of investor funds for undisclosed loans. For the last several months, the Defendants have refused to honor valid redemption requests from Ardent Domestic investors. The fraud is ongoing, and despite repeated requests to the Defendants for information on the diverted assets, the Defendants have provided little information.

## VIOLATIONS

3. By virtue of the conduct alleged herein:

    a. The Defendants, directly or indirectly, singly or in concert, have engaged

and are engaging in acts, practices and courses of business, that constitute violations of Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a).

b. The Defendants, directly or indirectly, singly or in concert, have engaged and are engaging in acts, practices and courses of business that constitute violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5.

c. Defendants Northshore and SCM, aided and abetted by Defendants Kelley, Wildeman, and Sherman, directly or indirectly, singly or in concert, have engaged and are engaging in acts, practices and courses of business, that constitute violations of Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2).

4. Unless the Defendants are preliminarily and permanently restrained and enjoined, they will continue to engage in the acts, practices and courses of business set forth in this Complaint and in acts, practices and courses of business of similar type and object.

### NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

5. The Commission brings this action pursuant to the authority conferred upon it by Section 20(b) of the Securities Act, 15 U.S.C. § 77t(b), Section 21(d)(1) of the Exchange Act, 15 U.S.C. § 78u(d)(1), and Section 209 of the Advisers Act, 15 U.S.C. § 80b-9, seeking to restrain and enjoin permanently the Defendants from engaging in the acts, practices and courses of business

alleged herein.

6. The Commission also seeks, as immediate relief, a temporary restraining order against the Defendants, asset freezes against the Defendants, the appointment of a temporary receiver over Northshore, Ardent Domestic, Ardent Offshore, and SCM, verified accountings from the Defendants, expedited discovery, and an order prohibiting the Defendants from destroying or altering documents.

7. Finally, the Commission seeks a judgment ordering the Defendants to disgorge ill gotten gains with prejudgment interest thereon, and ordering the Defendants to pay civil money penalties pursuant to Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Commission also seeks a judgment ordering Defendants Northshore and SCM to pay civil money penalties pursuant to Section 209 of the Advisers Act, 15 U.S.C. § 80b-9.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), Sections 21(e) and 27 of the Exchange Act, 15 U.S.C. §§ 78u(e) and 78aa, and Section 214 of the Advisers Act, 15 U.S.C. § 80b-14.

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. The Defendants, directly and indirectly, have made use of the means and instrumentalities of interstate commerce, or of the mails, in connection with the transactions, acts, practices and courses of business alleged herein. A substantial part of the events and omissions giving rise to the Commission's claims occurred in the Southern District of New York, including the facts that Ardent Domestic is a New York limited liability partnership that