60. The Defendants knew or were reckless in not knowing that the representations and omissions set forth herein were false and misleading.

61. By reason of the activities described herein, Northshore and SCM have aided and abetted violations, and are aiding and abetting violations, of Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and 80b-6(2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that the Court grant the following relief:

### I.

An Order temporarily and preliminarily, and a Final Judgment permanently, restraining and enjoining the Defendants, their agents, servants, employees and attorneys and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, and each of them, from future violations of Section 17(a) of the Securities Act, 15 U.S.C. §§ 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5.

### II.

An Order temporarily and preliminarily, and a Final Judgment permanently, restraining and enjoining Defendants Northshore, SCM, Wildeman, Kelley and Sherman, their agents, servants, employees and attorneys and all persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, and each of them, from future violations of Sections 206(1) and 206(2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and 80b-6(2).

### III.

An Order appointing or continuing the appointment of a receiver for Northshore, SCM, Ardent Domestic, and Ardent Offshore to (1) preserve the status quo, (2) ascertain the financial condition of Northshore, SCM, Ardent Domestic, and Ardent Offshore, and the disposition of investor funds, (3) prevent further dissipation of Northshore, SCM, Ardent Domestic, and Ardent Offshore's property and assets, to prevent loss, damage, and injury to investors, (4) preserve Northshore, SCM, Ardent Domestic, and Ardent Offshore's books, records, and documents, and (5) be available to respond to investor inquiries.

### IV.

An Order directing the Defendants, their agents, banks, debtors, bailees, servants, employees, and attorneys-in-fact, and those persons in active concert or participation with the Defendants who receive actual notice of said Order by personal service, facsimile, or otherwise, and each of them, to hold and retain within their control, and otherwise prevent any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal of any of the Defendants' assets, funds or other properties of any kind wherever situated, and assets over which said Defendants have control by signatory authority or otherwise.

### V.

An Order directing each of the Defendants to file with this Court and serve upon the Commission, within three (3) business days, or within such extension of time as the Commission staff agrees to, a verified written accounting, signed by each Defendant under penalty of perjury, setting forth:

17

(1) All assets, liabilities and property currently held directly or indirectly by or for the benefit of such Defendant, including but not limited to bank accounts, brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2) All money, property, assets, and other income received by such Defendant, or for their direct or indirect benefit, in or at any time from January 1, 2003 to the date of the accounting, describing the source, amount, disposition and current location of each of the items listed;

(3) All assets, funds, securities, real or personal property of customers of such Defendant, transferred to or for the benefit of such Defendant in or at any time from January 1, 2003 to the date of the accounting, and the disposition by such Defendant of such assets, funds, securities, real or personal property;

(4) All money, property, assets and other income transferred from such Defendant, including transfers to any bank account, brokerage account or other account, or to any individual, or entity, in or at any time from January 1, 2003 to the date of the accounting; and

(6) The names and last known addresses of all bailees, debtors, and other persons and entities which are currently holding the assets, funds or property of such Defendant.

## VI.

An Order permitting expedited discovery.

18

## VII.

An Order enjoining and restraining each of the Defendants, and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing, or otherwise interfering with the access of the Commission to relevant documents, books and records.

## VIII.

A Final Judgment determining each of the Defendants must disgorge their ill-gotten gains, plus prejudgment interest, and such other and further amount as the Court may find appropriate.

## IX.

A Final Judgment determining each of the Defendants must pay civil money penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and determining that Defendants Northshore, SCM, Wildeman, Kelley and Sherman must pay civil money penalties pursuant to Section 209 of the Advisers Act, 15 U.S.C. § 80b-9.

X.

Such other and further relief as to this Court deems just and proper.

Dated: New York, New York
       February ___, 2005

By: _____
     Mark K. Schonfeld (MS-8531)

Securities and Exchange Commission
233 Broadway
New York, New York 10279
Telephone (646) 428-1500

Attorneys for Plaintiff

Of Counsel:
Helene T. Glotzer (HG-8531)
Alistaire Bambach (AB-5891)
Jack Kaufman (JK-3050)
Bruce Karpati (BK-4671)
Justin W. Arnold (JA-1159)
Eva M. Kolb (EK-5042)
Timothy P. Wei (TW-1135)

20