UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
                      Plaintiff,    :
    - against -    :
NORTHSHORE ASSET MANAGEMENT, LLC.,    :
ARDENT RESEARCH PARTNERS L.P.,    :   05 Civ. 2192 (RO)
ARDENT RESEARCH PARTNERS LTD.,    :
SALDUTTI CAPITAL MANAGEMENT, L.P.,    :
KEVIN KELLEY, ROBERT WILDEMAN,    :
and GLENN SHERMAN,    :
                      Defendants.    :
-----------------------------------------------------------------x

## STIPULATION AND PRELIMINARY INJUNCTION ORDER

Plaintiff Securities and Exchange Commission ("Commission") and defendants Robert Wildeman ("Wildeman"), Glenn Sherman ("Sherman"), and Kevin Kelley ("Kelley") (collectively, "Defendants"), and non-party Jami J. Wildeman, through their respective undersigned counsel, hereby stipulate and agree that, upon execution by the Court of this Stipulation and Preliminary Injunction Order, the Court's "Order To Show Cause, Temporary Restraining Order And Order Freezing Assets And Granting Other Relief" entered on February 16, 2005 ("February 16 Order"), is hereby converted to a preliminary injunction Order as to defendants Wildeman Sherman, and Kelley,[1] and Defendants' obligations and restraints under the February 16 Order, whether temporary or otherwise (including their obligation to provide an accounting), thus continue and remain in full force and effect, subject to the following limited

---

[1] At the Court's February 25, 2005 preliminary injunction hearing in this case, the Court entered a preliminary injunction as to the remaining defendants in this case, and continued the appointment of the previously-appointed receiver for those entities.

1

exceptions and conditions:

    A.    **Defendant Kelley**:

        1.    Defendant Kelley may spend up to a total of $3,000 of his own cash for any reasonable purpose.

        2.    Defendant Kelley may apply to the Court for modification of the preliminary injunction asset freeze as necessary, due to any changed circumstances and for good cause shown, to preserve the value of his assets and/or to pay his reasonable and necessary living expenses.

    B.    **Defendant Wildeman**:

        1.    Defendant Wildeman may spend up to $13,000 per month from his own assets on reasonable and necessary living expenses.

        2.    Defendant Wildeman may pay from his own assets his reasonable and necessary attorney fees incurred, and that might be incurred, in defending this litigation from February 16, 2005 through April 8, 2005. Prior to paying such fees, Mr. Wildeman shall seek approval in writing from the Commission of the proposed amount of such fees. If the parties are unable to reach agreement regarding the amount of such attorney fees, defendant Wildeman shall seek approval from the Court of his proposed attorney fees prior to paying such fees.

        3.    Defendant Wildeman shall not pay either his living expenses or attorney fees described above from any private placement securities or investments directly or indirectly held in his or his wife's name.

        4.    To the extent defendant Wildeman and his wife, Jami J. Wildeman, jointly or commonly own any real property, defendant Wildeman and Jami J. Wildeman hereby agree to treat such real property as wholly-owned by defendant Wildeman for the purpose of the

Commission's collection of any monetary judgment it might obtain against defendant Wildeman, and defendant Wildeman and Jami J. Wildeman thus waive any objection or defense that either might have based upon such co-ownership to the Commission's right to satisfy any such judgment from such real property.

C. **Defendant Sherman**

1. Defendant Sherman may spend up to $10,500 per month from his own assets, or assets that he holds jointly with his wife, on reasonable and necessary living expenses.

2. Defendant Sherman may pay from his own assets, or assets he jointly holds with his wife, 50% of his reasonable and necessary attorney fees incurred, and that might be incurred, in defending this litigation from February 16, 2005 through April 8, 2005. Prior to paying such fees, Mr. Sherman shall seek approval in writing from the Commission of the proposed amount of such fees. If the parties are unable to reach agreement regarding the amount of such attorney fees, defendant Sherman shall seek approval from the Court of his proposed attorney fees prior to paying such fees.

3. Defendant Sherman shall not pay either his living expenses or attorney fees described above from any private placement securities or investments directly or indirectly held in his or his wife's name.

The Commission enters into this Stipulation and Preliminary Injunction Order, in part, upon the basis of certain financial information that defendants Kelley, Sherman and Wildeman have provided to the Commission. In the event the Commission determines that any such information is materially false or inaccurate, the Commission may petition the Court to revise or revoke this Stipulation and Order. Defendants may seek to modify this preliminary injunction to the extent and in the manner provided by applicable law.

_____    Date:_____
Mark L. Rotert, Esq.
Law Offices of Mark L. Rotert
11 S. LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 236-8115
**Counsel for Robert and Jami Wildeman**


_____    Date:_____
Jonathan D. King, Esq.
DLA Piper Rudnick, Gray, Cary
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
312-368-7095
**Counsel for Glenn Sherman**


_____    Date:_____
David Grudberg, Esq.
Jacobs, Grudberg, Belt, Dow & Katz P.C.
350 Orange Street
New Haven, CT 06503
(203) 772-3100
**Counsel for Kevin Kelley**


*/s/ Jack Kaufman*    Date: 3/10/05
Jack Kaufman, Esq. (JK-3050)
Senior Trial Counsel
United States Securities and Exchange Commission
233 Broadway
New York, NY 10279
**Counsel for the Commission**


                                    **SO ORDERED**


                        _____
                        HON. RICHARD OWEN
                        UNITED STATES DISTRICT JUDGE


_____, 2005
New York, New York

*Mark L. Rotert*            Date: 3/9/05

Mark L. Rotert, Esq.
Law Offices of Mark L. Rotert
11 S. LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 236-8115
Counsel for Robert and Jami Wildeman

_____     Date:_____

Jonathan D. King, Esq.
DLA Piper Rudnick, Gray, Cary
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
312-368-7095
Counsel for Glenn Sherman

_____     Date:_____

David Grudberg, Esq.
Jacobs, Grudberg, Belt, Dow & Katz P.C.
350 Orange Street
New Haven, CT 06503
(203) 772-3100
Counsel for Kevin Kelley

_____     Date:_____

Jack Kaufman, Esq. (JK-3050)
Senior Trial Counsel
United States Securities and Exchange Commission
233 Broadway
New York, NY 10279
Counsel for the Commission

**SO ORDERED**

_____
HON. RICHARD OWEN
UNITED STATES DISTRICT JUDGE

_____, 2005
New York, New York

4

_____     Date:_____
Mark L. Rotert, Esq.
Law Offices of Mark L. Rotert
11 S. LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 236-8115
Counsel for Robert and Jami Wildeman

_____     Date:_____
Jonathan D. King, Esq.
DLA Piper Rudnick, Gray, Cary
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
312-368-7095
Counsel for Glenn Sherman

_____     Date:_____
David Grudberg, Esq.
Jacobs, Grudberg, Belt, Dow & Katz P.C.
350 Orange Street
New Haven, CT 06503
(203) 772-3100
Counsel for Kevin Kelley

_____     Date:_____
Jack Kaufman, Esq. (JK-3050)
Senior Trial Counsel
United States Securities and Exchange Commission
233 Broadway
New York, NY 10279
Counsel for the Commission

**SO ORDERED**

_____
HON. RICHARD OWEN
UNITED STATES DISTRICT JUDGE

_____, 2005
New York, New York

4

_____  Date: _____
Mark L. Rotert, Esq.
Law Offices of Mark L. Rotert
11 S. LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 236-8115
**Counsel for Robert and Jami Wildeman**

_____  Date: _____
Jonathan D. King, Esq.
DLA Piper Rudnick, Gray, Cary
203 North LaSalle Street, Suite 1900
Chicago, IL 60601
312-368-7095
**Counsel for Glenn Sherman**

_/s/ David T. Grudberg_____  Date: 3-10-05
David Grudberg, Esq.
Jacobs, Grudberg, Belt, Dow & Katz P.C.
350 Orange Street
New Haven, CT 06503
(203) 772-3100
**Counsel for Kevin Kelley**

_____  Date: _____
Jack Kaufman, Esq. (JK-3050)
Senior Trial Counsel
United States Securities and Exchange Commission
233 Broadway
New York, NY 10279
**Counsel for the Commission**

SO ORDERED

_/s/ R. Owen_____
HON. RICHARD OWEN
UNITED STATES DISTRICT JUDGE

3/10, 2005
New York, New York

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                  Plaintiff,

        - against -

NORTHSHORE ASSET MANAGEMENT, LLC.,
ARDENT RESEARCH PARTNERS L.P.,
ARDENT RESEARCH PARTNERS LTD.,
SALDUTTI CAPITAL MANAGEMENT, L.P.,
KEVIN KELLEY, ROBERT WILDEMAN,
and GLENN SHERMAN,

                  Defendants.
-------------------------------------------------------------x



JUDGE GRIESA
05 CV 2192
USM5W SDNY

ORDER TO SHOW CAUSE,
TEMPORARY RESTRAINING ORDER,
AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

On the Application of Plaintiff Securities and Exchange Commission (the "Commission") for an Order:

(1)    directing Defendants Northshore Asset Management, LLC ("Northshore"), Ardent Research Partners L.P. ("Ardent Domestic"), Ardent Research Partners Ltd. ("Ardent Offshore"), Saldutti Capital Management, L.P. ("SCM"), Kevin Kelley ("Kelley"), Robert Wildeman ("Wildeman"), and Glenn Sherman ("Sherman") (collectively, "the Defendants") to show cause why an order should not be entered, pending a final disposition of this action:

(a)    preliminarily enjoining

(i) the Defendants from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5; and

(ii) Defendants Northshore, SCM, Kelley, Wildeman and Sherman from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and 80b-6(2);

(b) freezing the Defendants' assets as specified herein;

(c) appointing a receiver for Northshore, SCM, Ardent Domestic, and Ardent Offshore;

(d) directing each of the Defendants to provide verified accountings immediately; and

(e) prohibiting the destruction or alteration of documents.

(2) pending adjudication of the foregoing, an Order

(a) temporarily restraining the Defendants from violating the aforementioned statutes and rules;

(b) temporarily enjoining the Defendants, and their agents, employees, attorneys, or other professionals, and anyone acting in concert with them, from prosecuting or otherwise taking or continuing any action in the Bankruptcy Court for the Northern District of Illinois.

(c) freezing the Defendants' assets as specified herein;

2

(d) appointing a temporary receiver for Northshore, SCM, Ardent Domestic, and Ardent Offshore;

(e) directing each of the Defendants to provide verified accountings immediately;

(f) prohibiting the destruction and alteration of documents; and

(g) providing that the Commission may take expedited discovery in preparation for a hearing on this Order to Show Cause.

The Court has considered (1) the Complaint filed by the Commission on February 15, 2005; (2) the Declaration of Andrea Hart, executed on February 15, 2005; and (3) the memorandum of law in support of Plaintiff Commission's application.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act, Section 21(d) of the Exchange Act, and Section 209 of the Advisers Act, has been made for the relief granted herein, for the following reasons:

1. It appears from the evidence presented that

    (a) the Defendants have violated, and, unless temporarily restrained, will continue to violate, Section 17(a) of the Securities Act, and Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5, as charged in the Complaint;

    (b) Defendants Northshore and SCM have violated, and Defendants Kelley, Wildeman, and Sherman have aided and abetted Defendants' Northshore's and SCM's violations, and unless temporarily restrained, will continue to violate, or aid and abet violations of, Sections 206(1) and 206(2) of the Advisers Act, as charged in the Complaint.

3