2. It appears that an order freezing the Defendants' assets, as specified herein, is necessary to preserve the *status quo,* and to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

3. It appears that an order requiring each of the Defendants to provide a verified accounting of all assets, money and property held directly or indirectly by each of the Defendants, or by others for each of their direct and indirect beneficial interest, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' assets.

4. It appears that the Defendants may attempt to destroy, alter or conceal documents.

5. It appears that the appointment of a temporary receiver is necessary to (i) preserve the *status quo,* (ii) ascertain the true financial condition of Northshore, SCM, Ardent Domestic, and Ardent Offshore and the disposition of investor funds, (iii) prevent the further misappropriation or misuse of the property and assets of Northshore, SCM, Ardent Domestic, and Ardent Offshore, (iv) prevent the encumbrance or disposal of property or assets of Northshore, SCM, Ardent Domestic, and Ardent Offshore, (v) bring Northshore, SCM, Ardent Domestic, and Ardent Offshore into compliance with the law, and (vi) prevent the Defendants, their attorneys and agents, from utilizing the Chapter 11 bankruptcy process to dissipate or otherwise dispose of the assets of Northshore, SCM, Ardent Domestic, and Ardent Offshore.

6. Good and sufficient reasons have been shown why procedures other than by notice of motion is necessary.

7. This Court has jurisdiction over the subject matter of this action and over the Defendants, and venue properly lies in this District.

4

NOW, THEREFORE,

### I.

IT IS HEREBY ORDERED that the Defendants show cause, if there be any, to this Court at 10:30 a.m. on the 25 day of February 2005, in Room _____ of the United States Courthouse, 26B, 500 Pearl St., New York, New York 10007 why this Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Section 20 of the Securities Act, Section 21 of the Exchange Act, and Section 209 of the Advisers Act preliminarily enjoining

(1) the Defendants from violating Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Exchange Act Rule 10b-5;

(2) Defendants Northshore, SCM, Kelley, Wildeman, and Sherman from violating Sections 206(1) and 206(2) of the Advisers Act.

### II.

IT IS FURTHER ORDERED that the Defendants show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, the Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the control of the

5

Defendants, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, including, but not limited to, all assets, funds, or other properties held in the following accounts:

| Account Number | Institution | Name of Account Holder |
| --- | --- | --- |
| 118-12973-1-6 | Banc of America Securities | Ardent Research Partners, L.P. |
| 118-01408-1-4 | Banc of America Securities | Ardent Research Partners, L.P. |
| 66198038 | Citigroup Global Markets, Inc. | Ardent Research Partners, L.P. |
| 522-43132-1-2 | JP Morgan Chase & Co. | Ardent Research Partners, L.P. |
| 313-12985-1-9 | Banc of America Securities | Ardent Research Partners, Ltd. |
| 313-13072-1-1 | Banc of America Securities | Ardent Research Partners, Ltd. |
| 7210023771 | Harris Bank | Northshore Asset Management, LLC |
| 071 000 770 533 034 3739 | American National Bank & Trust Co | Northshore Asset Management, LLC |
| 970 01963 | Jeffries & Co. Securities | Northshore Asset MGMT LLC |
| 970 02168 | Jeffries & Co. Securities | Northshore Asset MGMT LLC |
| 374-66019 | Jeffries & Co. Securities | Ardent Research |
| 374-66019 | Nations Banc Montgomery Sec | Ardent Research |
| 374-66019 | Prime Brokerage Service | Ardent Research |

III.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order directing that they each file with this Court and serve upon Plaintiff Commission, within three (3) business days, or within such extension of time as the Commission agrees to, a verified written accounting, signed by each of the Defendants, and under penalty of perjury, of:

(1)   All assets, liabilities and property currently held, directly or indirectly, by or for the benefit of the Defendants, including, without limitation, bank accounts,

6

      brokerage accounts, investments, business interests, loans, lines of credit, and real and personal property wherever situated, describing each asset and liability, its current location and amount;

(2)   All money, property, assets and income received by the Defendants and each of them, or for their direct or indirect benefit, at any time from January 1, 2003 through the date of such accounting, describing the source, amount, disposition and current location of each of the items listed;

(3)   The names and last known addresses of all bailees, debtors, and other persons and entities that currently are holding the assets, funds or property of the Defendants; and

(4)   All assets, funds, securities, and real or personal property received by the Defendants, and each of them, or any other person controlled by them, from persons who provided money to the Defendants in connection with the offer, purchase or sale of Ardent Domestic and Ardent Offshore securities, from January 1, 2003 to the date of the accounting, and the disposition of such assets, funds, securities, real or personal property.

### IV.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order enjoining and restraining them, and any person or entity acting at their direction or on their behalf, from destroying, altering, concealing or otherwise interfering with the access of the Plaintiff Commission to any and all documents, books, and records, that are in the possession, custody or control of the Defendants, their officers, agents,

7

employees, servants, accountants, financial or brokerage institutions, or attorneys-in-fact, that refer, reflect or relate to the allegations in the Complaint, including, without limitation, documents, books, and records referring, reflecting or relating to the Defendants' finances or business operations, or the offer, purchase or sale of Ardent Domestic and Ardent Offshore securities and the use of proceeds therefrom.

## V.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order appointing or continuing the appointment of a receiver for Northshore, SCM, Ardent Domestic, and Ardent Offshore to (1) preserve the status quo, (2) ascertain the financial condition of Northshore, SCM, Ardent Domestic, and Ardent Offshore, and the disposition of investor funds, (3) prevent further dissipation of Northshore, SCM, Ardent Domestic, and Ardent Offshore's property and assets, to prevent loss, damage, and injury to investors, (4) preserve Northshore, SCM, Ardent Domestic, and Ardent Offshore's books, records, and documents, and (5) be available to respond to investor inquiries. To effectuate the foregoing, the temporary receiver would be empowered to:

    (a)    Take and retain immediate possession and control of all of Northshore, SCM, Ardent Domestic, and Ardent Offshore's (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global Opp Fund; NS Special Situation Fund I; and NSAM Partners) assets and property, and all books, records, and documents of Northshore, SCM, Ardent Domestic, and Ardent Offshore (and each's subsidiaries and affiliates, including, but not limited to, NSCT, LLC; NSCT, LLC-CTC; Astor Fund, LLC; NS Global