UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SECURITIES AND EXCHANGE COMMISSION,

                      Plaintiff,

                -against-

NORTHSHORE ASSET MANAGEMENT, LLC,
ARDENT RESEARCH PARTNERS L.P.,
ARDENT RESEARCH PARTNERS, LTD.,
SALDUTTI CAPITAL MANAGEMENT, L.P.,
KEVIN KELLEY, ROBERT WILDEMAN, and
GLENN SHERMAN,

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.
05-CV- 2192 (RO)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## AMENDED ORDER (1) CONVERTING THE TRO INTO A PRELIMINARY INJUNCTION WITH REGARD TO THE CORPORATE DEFENDANTS; (2) APPOINTING ARTHUR STEINBERG AS PERMANENT RECEIVER FOR THE RECEIVERSHIP ESTATE; AND (3) IDENTIFYING THE NORTHSHORE ENTITIES WHICH COMPRISE THE RECEIVERSHIP ESTATE

Upon the motion ("Motion") of Arthur Steinberg, the court-appointed receiver ("Receiver") for defendants Northshore Asset Management, LLC, Ardent Research Partners L.P., Ardent Research Partners, Ltd., and Saldutti Capital Management, L.P. (collectively, the "Corporate Defendants," and with their respective subsidiaries, affiliates, related entities and funds, the "Receivership Estate"), seeking a written order (i) converting the TRO into a preliminary injunction with regard to the Corporate Defendants *nunc pro tunc* to February 25, 2005; (ii) appointing the Receiver as permanent receiver for the Receivership Estate *nunc pro tunc* to February 25, 2005; and (iii) identifying the Northshore Related Entities[1] that

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

currently comprise the Receivership Estate (the "Motion"); and the Court having jurisdiction to consider the Motion and the relief sought therein; and due notice of the Motion having been given, and it appearing that no other or further notice of the Motion need be provided; and the only objection to the Motion filed on behalf of the individual defendants Kevin Kelley, Robert Wildeman and Glenn Sherman on July 20, 2005 having been withdrawn pursuant to a Stipulation and Agreed Order entered by the Court; and the Court having determined that the relief sought in the Motion is in the best interest of the estates of the Receivership Estate and their creditors and all parties in interest; and the Court having entered an order dated September 9, 2005 granting the Motion ("September 9 Order"); and upon the Receiver's request at a hearing held on October 11, 2005 for an amendment of the September 9 Order to address a technical error contained therein; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is granted in all respects, as modified by this Amended Order; and it is further

ORDERED, that the TRO is converted to a preliminary injunction with respect to the Corporate Defendants and the Receivership Estate and is in full force and effect *nunc pro tunc* to February 25, 2005; and it is further

ORDERED, that the Receiver is appointed as permanent receiver for the Receivership Estate and is empowered to take all the actions provided in Section XII of the TRO with respect to the Receivership Estate *nunc pro tunc* to February 25, 2005; and it is further

ORDERED, that the following business entities and funds, which were listed in the original Motion but inadvertently omitted from the Receivership Estate entities chart contained in the September 9 Order, are part of and included within the Receivership Estate: Astor Fund LLC; NSCT, LLC; LaSalle Leveraged Fund LLC; and CCA Fund LLC; and it is further

ORDERED, that the following revised list of business entities and funds currently constitute the Receivership Estate:

| Name | Employee Identification Number |
|---|---|
| Northshore Asset Management LLC | 35-2170019 |
| Saldutti Capital Management L.P. | 13-3648200 |
| Ardent Research Partners LP | 13-3647076 |
| Ardent Research Partners Ltd. | 01-0779868 |
| Astor Fund LLC | 32-0072780 |
| NSCT, LLC | 20-1710513 |
| LaSalle Leveraged Fund LLC | 36-4497912 |
| CCA Fund LLC | None |
| LaSalle Family Office LLC Trust | 56-2297622 |
| Cousin Family LLC Trust | 56-2297614 |
| Dewey Family LLC Trust | 56-2297612 |
| Kelley Family LLC Trust | 56-2297615 |
| Sherman Family LLC Trust | 56-2297617 |
| Wildeman Family 2002 Special Trust | 16-6531576 |
| Weigand Family LLC Trust | 56-2297618 |
| Forte Family Office LLC Trust | 32-6015581 |
| Rose Family Office LLC Trust | 30-6044905 |
| Northshore Master Fund LLC | 20-1013738 |
| Northshore Fund LLC | 20-1013669 |
| Northshore Global Opportunities | 20-1013783 |
| Northshore IV | None |
| Northshore Special Situations Fund | 20-0976485 |
| Northshore Statistical Opportunity Fund | 20-0976438 |
| Randolph Special Situation Fund LLC | 32-0052860 |
| Northshore Asset Management LLC 401K Profit Sharing Plan& Trust | 20-1088356 |
| Guggenheim Portfolio Company LLC | None |
| Partners Group Alternative Strategies Ltd. | 01-0779873 |
| Northshore Associates | 20-1013604 |
| SKS LLC | None |
| Wildeman Holdings | 37-9849908 |
| Venture Development LP | None |

ORDERED, that notwithstanding the *nunc pro tunc* nature of certain provisions of this Order, the 10-day filing period set forth in 28 U.S.C. § 754 shall re-commence on the date this

Order is entered on the docket to allow the Receiver to file copies of this Amended Order, if necessary; and it is further

ORDERED, that the requirement set forth in Rule 7.1 of the Local Civil Rules of the United States District Court for the Southern District of New York requiring the filing of a memorandum of law is hereby waived; and it is further

ORDERED, that the Receiver shall cause copies of this Amended Order, within three business days after entry on the docket, to be served on all parties who received notice of the original Motion; and it is further

ORDERED, that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
October 27, 2005

_____
UNITED STATES DISTRICT COURT JUDGE